## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **YOLANDA M. STEVENSON** | **CIVIL ACTION NO.** |
| **VERSUS** | **21-633-BAJ-EWD** |
| **FEDERAL GOVERNMENT** | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 30, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

YOLANDA M. STEVENSON                                         CIVIL ACTION NO.

VERSUS                                                                 21-633-BAJ-EWD

FEDERAL GOVERNMENT

### MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER

Plaintiff Yolanda M. Stevenson ("Stevenson"), proceeding *pro se* and *in forma pauperis* ("IFP"),[1] filed suit against the "Federal Government," claiming that Magistrate Judge Scott Johnson, Judge John deGravelles, and Chief Judge Shelly Dick of the United States District Court for the Middle District of Louisiana deprived Stevenson of her constitutional rights in violation of 42 U.S.C. § 1983, defamed her, and caused her emotional distress.[2] Because of Stevenson's IFP status, and based on a review pursuant to 28 U.S.C. §1915(e) to determine whether the Complaint should be dismissed as frivolous or malicious, whether it seeks monetary relief against defendants who are immune from such relief, or whether it fails to state a claim upon which relief may be granted, it is recommended that Stevenson's Complaint be **DIMISSED WITH PREJUDICE** as legally frivolous, for seeking monetary relief against defendants who are immune from such relief, and/or for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

---

[1] Stevenson filed a Motion to Proceed *in Forma Pauperis* with her Complaint. R. Doc. 2. That motion was denied, and Stevenson was ordered to complete and submit AO 239 – Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). R. Doc. 3. On December 16, 2021, Stevenson filed a completed AO 239, and the Court granted Stevenson's request to proceed *in forma pauperis*. R. Docs. 8, 9.

[2] R. Doc. 1. Although Judge deGravelles is not specifically named in the Complaint, given the liberal construction afforded to *pro se* pleadings, and given that Stevenson complains about the outcome of the her prior civil action (discussed below) which was assigned to, and ultimately ruled on, by Judge deGravelles, the undersigned construes Stevenson's Complaint to include claims against Judge deGravelles, in addition to Magistrate Judge Johnson and Chief Judge Dick.

## I.     BACKGROUND

On November 3, 2021, Stevenson filed a Complaint against the Federal Government, alleging the Magistrate Judge Johnson, Judge deGravelles, and Chief Judge Dick of the United States District Court for the Middle District of Louisiana "tampered" with an earlier lawsuit Stevenson filed in this Court.[3] Specifically, Stevenson alleges that in Civil Action No. 20-114, Magistrate Judge Johnson, Judge deGravelles, and Chief Judge Dick "tampered" with her lawsuit by "ma[king] her go through [a *Spears*] hearing which was not necessary because…[she] was not on trial" and by "wrongly rul[ing] against her."[4] She further alleges Magistrate Judge Johnson, Judge deGravelles, and Chief Judge Dick's actions (or inactions) in the prior lawsuit violated her rights, defamed her, and caused her emotional distress. She seeks the following damages: (a) "Relocation (house) at 2571 Wallingford Dr., Beverly Hills, CA 90210"; (b) "property taxes and maintenance to home paid for the rest of [her] life"; (c) (1) a white, 2021 Mercedes-Benz GT-Class Coupe, (2) a white, Mercedes-Benz G-Class Wagon, and (3) a midnight blue, 1998 Chevrolet Camaro Z28 hatchback; (d) tuition for "The Buckley School and LSU College"; (e) "300 million dollars"; and (f) Court fees.[5]

---

[3] R. Doc. 1, pp. 1-3. *See Yolanda Stevenson v. Federal Government*, Civil Action No. 20-114-JWD-SDJ (M.D. La.) ("Civil Action No. 20-114"). In Civil Action No. 20-114, Stevenson filed a Complaint against the "Federal Government," alleging that it "allowed a group of individuals to attach feeds to [her] body for 2 years and five months" and "violated [her] rights by watching her bathe[] and clothe[]." Civil Action No. 20-114, at R. Doc. 1. Civil Action No. 20-114 was assigned to Judge John deGravelles and Magistrate Judge Johnson. On September 30, 2020, Magistrate Judge Johnson conducted a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine whether all or any part of Civil Action No. 20-114 should be dismissed as frivolous. Civil Action No. 20-114, at R. Docs. 3, 11. After the *Spears* hearing, Magistrate Judge Johnson issued a Report and Recommendation, recommending that Civil Action No. 20-114 be "dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)." Civil Action No. 20-114, at R. Doc. 12. Stevenson objected to the Report and Recommendation. R. Doc. 13. On January 28, 2021, Judge deGravelles adopted the Report and Recommendation, dismissing all claims asserted by Stevenson in Civil Action No. 20-114 with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Civil Action No. 20-114, at R. Docs. 14, 15. *See also* R. Doc. 1-1, pp. 1-31.
[4] R. Doc. 1, pp. 1-3.
[5] *Id*.

2

## II. LAW AND ANALYSIS

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), this Court is authorized to dismiss a case brought *in forma pauperis* at any time if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. An *in forma pauperis* suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.[6] A court may also dismiss an *in forma pauperis* complaint which, while not technically frivolous, fails to state a claim upon which relief can be granted under either 28 U.S.C. § 1915(e)(2)(B) or Fed. R. Civ. P. 12(b)(6).[7] In deciding whether an *in forma pauperis* complaint is frivolous or fails to state a claim, a court must interpret the allegations of the *pro se* litigant liberally because such pleadings are held to less strict standards than formal pleadings drafted by lawyers.[8] Although a *pro se* plaintiff's claims are given liberal interpretation, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[9]

Although the Court has subject matter jurisdiction over Stevenson's § 1983 claims pursuant to 28 U.S.C. § 1331, and over her defamation claim pursuant to 28 U.S.C. § 1367, her claims in this case against Magistrate Judge Johnson, Judge deGravelles, and Chief Judge Dick are barred by judicial immunity.[10] "The doctrine of judicial immunity extends to all acts performed by judges

---

[6] *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 17281733, 118 L.Ed.2d 340 (1992), citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995).
[7] *Hamilton v. Trail*, No. 09-496, 2011 WL 2971223, at *2 (E.D. Tex. June 14, 2011).
[8] *Haines v. Kerner*, 404 U.S. 519 (1972).
[9] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002), quoting *S. Christian Leadership Conference v. Supreme Court of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).
[10] *See Martin v. Dufresne*, No. 14-1339, 2014 WL 3867267, at *5 (E.D. La. Aug. 5, 2014) ("The United States Supreme Court has explained: "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Further, judicial immunity is applicable in cases such as the instant one where civil rights violations are alleged. *Stump v. Steward*, 435 U.S. 349, 356 (1978); *Pierson v. Ray*, 386 U.S. 547, 554–55 (1967)."). *See also Morrison v. Walker*, 704 Fed. Appx 369, 372–73 (5th Cir. 2017) ("A judge's actions are protected by absolute judicial immunity, which is overcome in only two scenarios: (a) where the actions are "not taken in the

3

in their judicial capacity and is a valid defense to a civil rights action under 42 U.S.C. § 1983."[11] Stevenson's claims against Magistrate Judge Johnson, Judge deGravelles, and Chief Judge Dick relate solely to acts taken by them during judicial proceedings in Civil Action No. 20-114,[12] which resulted in an unfavorable termination of that action. The actions (or inactions) about which Stevenson complains are clearly judicial in nature. Further, Stevenson does not allege that Magistrate Judge Johnson, Judge deGravelles, or Chief Judge Dick acted in the complete absence of jurisdiction. Accordingly, Stevenson's claims in this case, which are only against Magistrate Judge Johnson, Judge deGravelles, and Chief Judge Dick, should be dismissed as legally frivolous, for seeking monetary relief against defendant who are immune from such relief, and/or for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

## III. CONCLUSION AND RECOMMENDATION

Following review of the Complaint and all documentation submitted into the record in this case, as well as the record in Civil Action No. 20-114, it is **RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** as legally frivolous, for seeking monetary relief against defendants who are immune from such relief, and/or for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

---

judge's judicial capacity" or (b) where they are "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curiam).").
[11] *Daniels v. Stovall*, 660 F. Supp. 301, 303 (S.D. Tex. 1987), quoting *Shean v. White*, 620 F.Supp. 1329, 1330 (N.D. Tex. 1985)).
[12] Notably, the only "action" Chief Judge Dick appears to have taken in Civil Action No. 20-114 is the signing of a General Order No. 2019-4 (on July 8, 2019), notifying the parties that "all pleadings and other papers filed under seal in civil and criminal cases shall be maintained under seal for thirty days following final disposition of the action," among other things. Civil Action No. 20-114, at R. Doc. 16. This is a standard, general order of the Court that is entered at the conclusion of every case.

**IT IS ORDERED** that the Clerk of Court shall provide notice of this Report and Recommendation to Plaintiff Yolanda M. Stevenson at 529 West Magnolia Drive, Baker, Louisiana 70714, via certified mail, return receipt requested.

Signed in Baton Rouge, Louisiana, on December 30, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**