UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**YOLANDA M. STEVENSON**                               **CIVIL ACTION**

**VERSUS**                                             **NO. 21-633-ILRL-JVM**

**FEDERAL GOVERNMENT**

### ORDER AND REASONS

After exhaustive liberal reviews and construction of this *pro se* filed *in forma pauperis* lawsuit, the entire record, applicable law, and for reasons that follow, **IT IS ORDERED** that:

1. Plaintiff Ms. Stevenson's objections to the Magistrate Judge's Report and Recommendation are **OVERRULED** (Rec. Docs. 1, 12, 14, 16, 17, 19, 21, 26);[1]

2. The Magistrate Judge's Report and Recommendation are **ADOPTED** as the opinion of the court (Rec. Doc. 11); and

3. The captioned action (lawsuit) is **DISMISSED** as legally frivolous, for seeking monetary relief against defendants who are immune from such relief, and for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff claims that Magistrate Judge Johnson, along with District Judges John deGravelles and Shelly Dick for the Middle District of Louisiana conducted an improper hearing and ruled against her in a lawsuit she filed against the Federal Government, State of Louisiana, and (former) president Trump. See MDLA Civil Action 20-00114, Rec. Doc. 1. Like claims made

---

[1] Plaintiff claims that Magistrate Judge Johnson, along with District Judges deGravelles and Shelly Dick of the federal court for the Middle District of Louisiana conducted an improper hearing and ruled against her in a lawsuit she filed against the Federal Government, State of Louisiana, and (former) president Trump. See Civil Action 20-114. As here, plaintiff alleges among other things that defendants allowed a group of individuals to attach feeds (medical devices) throughout her body, watched her bathe and clothe herself, causing her to feel threatened and wrongfully accused her of being a drug dealer. The latter case was dismissed as frivolous. Id. at Rec. Docs. 12, 14. Considering the conclusory and delusional filings in both cases, it would be a fruitless gesture to allow an amendment to this action.

1

in this case, plaintiff alleged among other things that defendants allowed a group of individuals to attach feeds (medical devices) throughout her body, watched her bathe and clothe herself, causing her to feel threatened and wrongfully accused her of being a drug dealer.  The latter case was dismissed as frivolous. Id. at Rec. Docs. 12, 14.  Considering the conclusory and delusional filings in both cases, it would be a fruitless gesture to allow an amendment to this action.

While two different Magistrate Judges tried to help plaintiff understand the binding nature of relevant federal procedural rules and cases that courts must follow in processing federal lawsuits, plaintiff states she does not understand what was being done by them.  Rec. Doc. 12.  She believes defendants should be served and required to give her a judgment for $300,000,000, relocation to a new home, property taxes, food for life, three automobiles, and other relief.  (Rec. Doc. 1, pp. 1-3.  In addition to being told about others through the so-called feeds attached in her body, she reports being told by President Biden that she will receive her judgment. Rec. Doc. 21.

As explained to plaintiff before, dismissal under federal law may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the action (lawsuit) is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against immune defendants.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); 28 U. S. C. § 1915(e)(2)(B); MDLA Civil Action 20-00114, Rec. Docs. 3 & 12, pp.2-3; MDLA Civil Action 21-00633, Rec. Doc. 11, p. 4.  The foregoing cases and statutory rules for evaluating her claims are requirements that govern the deliberative judicial process.  They do not constitute violations of any rights.

Moreover, the United States Supreme Court explains:

> Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of

which ordinarily cannot be resolved without engaging in discovery and eventual trial. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Further, judicial immunity is applicable in cases such as the instant one where civil rights violations are alleged because the instant claims involve acts and rulings performed by judges in their judicial capacity. *Stump v. Steward*, 435 U.S. 349, 356 (1978); *Pierson v. Ray*, 386 U.S. 547, 554–55 (1967)."); *Morrison v. Walker,* 704 Fed. Appx 369, 372–73 (5th Cir. 2017); *Daniels v. Stovall,* 660 F.Supp. 301, 303 (S.D. Tex. 1987).

We encourage plaintiff Ms. Stevenson to read the cases and statutes cited herein and the ones cited in noted Reports and Recommendations of the Magistrate Judges. While she disagrees with the court's actions, the law protects judges from being held liable for rulings taken in cases such as this. To the extent that Plaintiff was dissatisfied with the rulings that were made by the judges in those prior cases, her recourse was to seek appellate review of the rulings, not to sue the judges on civil-rights grounds. Independent lawsuits against presiding judges are not the appropriate vehicle for dissatisfied litigants to obtain a reversal of adverse judgments. *See Montesano v. New York*, No. 05-9574, 2006 WL 944285 at *4 (S.D.N.Y. Apr. 12, 2006) ("[n]either damages, injunctive nor declaratory relief is available to be used as a vehicle for disgruntled litigants to reverse adverse judgments."); *see also Brandley v. Keeshan*, 64 F.3d 196, 2001–01 (5th Cir. 1995); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994); *Dayse v. Schuldt*, 894 F.2d 170, 172 (5th Cir. 1990); *Wightman v. Jones*, 809 F. Supp. 474 (N.D. Tex. 1992). <u>Boyd v. Vance</u>, No. 09-7643, 2010 WL 235031 at *2 (E.D. La. Jan. 13, 2010).

Fed. R. App. Proc. 24(a)(3)(A) requires that the appeal is taken in "good faith." Under Fifth Circuit precedent, "good faith" means the mover must demonstrate the existence of a non-frivolous issue for appeal. *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Payne v. Lynaugh*, 843 F.2d 177,

3

178 (5th Cir. 1988). If the court cannot discern the existence of any non-frivolous issue on appeal, then an appeal is not taken in "good faith" and the pauper application must be denied (despite the inability to pay). *Howard*, 707 F.2d at 220.

New Orleans, Louisiana, this 28th day of September, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE